UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DANNICA ALLING,

      Plaintiff,

v

TARGET CORPORATION,

      Defendant.

Case No. 1:25-cv-01128

Hon. Hala Y. Jarbou

---

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Defendant, TARGET CORPORATION, by and through its attorneys, GARAN LUCOW MILLER, P.C., and for its Answer to Plaintiff Dannica Alling's First Amended Complaint [ECF No. 1-1], states as follows:

### I.      PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Dannica Alling ("Plaintiff") is an individual who currently resides in Chicago, Illinois. At the time of the incident giving rise to this action, Plaintiff resided in Kalamazoo County, Michigan.

**ANSWER:  In response to paragraph 1 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that Defendant is without sufficient information or knowledge upon which to form**

1

**a belief as to the truth of the matters alleged and, therefore, leaves Plaintiff strictly to her proofs.**

2.      Defendant Target Corporation ("Target") is a Minnesota corporation authorized to conduct business in Michigan.

**ANSWER: Admitted.**

3.      This Court has subject matter jurisdiction under MCL 600.605 and personal jurisdiction over Defendant under MCL 600.711 and 600.715.

**ANSWER: In response to paragraph 3 of Plaintiff's Complaint, Defendant denies the allegations as untrue for the reason that jurisdiction is proper in the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(c)(2)(A)(ii) and (3)(A).**

4.      Venue in Kalamazoo County is proper under MCL 600.1621 because the events giving rise to this claim occurred there.

**ANSWER: In response to paragraph 4 of Plaintiff's Complaint, Defendant denies the allegations as untrue for the reason that venue is proper pursuant to 28 U.S.C. §§ 102(a)(1) and 1441(a) following Defendant's notice of removal to the United States District Court for the Western District of Michigan.**

## II.    FACTUAL ALLEGATIONS

5.    On or about August 15, 2022, Plaintiff was a business invitee at Defendant's store located at 6839 South Westnedge Avenue, Portage, Michigan.

**ANSWER:  In response to paragraph 5 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that Defendant is without sufficient information or knowledge upon which to form a belief as to the truth of the matters alleged and, therefore, leaves Plaintiff strictly to her proofs.**

6.    Plaintiff entered Defendant's fitting room area to try on clothing.

**ANSWER:  In response to paragraph 6 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that Defendant is without sufficient information or knowledge upon which to form a belief as to the truth of the matters alleged and, therefore, leaves Plaintiff strictly to her proofs.**

7.    While in the fitting room, Plaintiff was secretly recorded in a state of undress by another customer, Christian Randall ("Randall").

**ANSWER:  In response to paragraph 7 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that Defendant is without sufficient information or knowledge upon which to form a belief as to the truth of the matters alleged and, therefore, leaves Plaintiff strictly to her proofs.**

8.     Randall was subsequently convicted under MCL 750.539d in Kalamazoo County Circuit Court Case No. A22-2375 for two counts of capturing a disturbing image of an unclothed person (conviction date: August 21, 2023).

**ANSWER:  In response to paragraph 8 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that Defendant is without sufficient information or knowledge upon which to form a belief as to the truth of the matters alleged and, therefore, leaves Plaintiff strictly to her proofs.**

9.     Defendant failed to properly monitor, supervise, or secure its fitting rooms despite knowing that customers reasonably expect privacy.

**ANSWER: In response to paragraph 9 of Plaintiff's Complaint, Defendant denies the allegations contained therein as untrue.**

10.    Defendant had prior notice, or reasonably should have foreseen, that voyeurism and hidden recordings are foreseeable risks in fitting rooms in retail environments. (MacDonald v. PKT, Inc., 464 Mich 322 (2001)).

**ANSWER: In response to paragraph 10 of Plaintiff's Complaint, Defendant denies the allegations contained therein as untrue and further denies that the Michigan Supreme Court's holding in *MacDonald* is applicable to the present matter.**

4

11.     The fitting room stalls were poorly designed and installed, leaving gaps and vulnerabilities.

**ANSWER:** **In response to paragraph 11 of Plaintiff's Complaint, Defendant denies the allegations contained therein as untrue.**

12.     The stalls were built at a height that made it easy for individuals in adjacent stalls to record over or around them. With the setup at this Target store, an average-height person could easily reach over the dividers and record adjacent stalls.

**ANSWER:** **In response to paragraph 12 of Plaintiff's Complaint, Defendant denies the allegations contained therein as untrue.**

13.     Defendant failed to choose or maintain a fitting room setup that protected unclothed customers from overhead or adjacent recording. Industry standards within the retail sector recognize that fitting rooms must be designed to afford customers full privacy while unclothed. Numerous retailers, including Nordstrom, Zara and Macy's have adopted floor-to-ceiling stalls, reduced stall gaps, and restricted sightlines to ensure privacy. These widely available and low-cost alternatives demonstrate that Target could have implemented reasonable measures to safeguard its customers but chose not to do so. By failing to employ basic privacy-preserving designs, Target fell below the standard of care expected in the industry.

**ANSWER:** **In response to paragraph 13 of Plaintiff's Complaint, Defendant denies the allegations contained therein as untrue.**

14.    Given the co-ed, mixed-gender nature of the fitting room environment with both children and adults present, Defendant owed an even greater duty of care.

**ANSWER:** **In response to paragraph 14 of Plaintiff's Complaint, Defendant denies the allegations contained therein as untrue.**

15.    Plaintiff has been unable to comfortably use fitting rooms since the incident. She has attended therapy sessions regularly since the event to address the trauma, fear, and anxiety.

**ANSWER:**  **In response to paragraph 15 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that Defendant is without sufficient information or knowledge upon which to form a belief as to the truth of the matters alleged and, therefore, leaves Plaintiff strictly to her proofs.**

16.    Plaintiff is forever impacted by the thought that unclothed images of her may exist somewhere, leaving her with permanent fear and humiliation.

**ANSWER:**  **In response to paragraph 16 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that Defendant is without sufficient information or knowledge upon which to form**

**a belief as to the truth of the matters alleged and, therefore, leaves Plaintiff strictly to her proofs.**

17.    Defendant's negligence and failures directly and proximately caused Plaintiff's severe emotional distress, humiliation, therapy expenses, lost wages, and permanent psychological injuries.

**ANSWER: In response to paragraph 17 of Plaintiff's Complaint, Defendant denies the allegations contained therein as untrue.**

18.    Numerous other incidents at Target stores and other major retailers demonstrate that secret videotaping and hidden camera recordings in fitting rooms and other private areas are a well-documented, recurring problem that Target knew or should have known about. These incidents also illustrate how the insufficient stall design in fitting rooms- including low stall height, large gaps, and inadequate partitioning – allowed perpetrators and criminals to repeatedly video record unclothed customers through the openings, including from above, under, and between the stalls. Importantly, many of these incidents occurred after Plaintiff was secretly videotaped, showing that Target continues to ignore the danger presented by its insufficient and non-private fitting room stalls and has failed to take corrective action to protect its customers. Such incidents include, but are not limited to, the following:

a. Target, Rocklin, California (August 2022): A man secretly recorded multiple women through stall openings in Target fitting rooms during at least two visits. Source: www.cbsnews.com/sacramento/news/man-allegedly-recorded-multiple-women-in-a-rocklin-target-dressing-room.

b. Target, Wareham, Massachusetts (June 2024): A registered sex offender allegedly filmed a woman by holding his cell phone over a fitting room stall wall. Source: www.wcvb.com/article/registered-sex-offender-recorded-woman-in-a-target-fitting-room-wareham/65021830

c. Target, Buena Park, California (October 2024): A woman discovered a man recording her in the fitting room and chased him out of the store. Source: www.miamiherald.com/news/nation-world/national/article290377944.html

d. Target, Bendigo, Australia (September 2024): A customer found a dome surveillance camera positioned above fitting room cubicles, raising concerns about voyeurism and lack of privacy. Source: www.dailytelegraph.com/au/lifestyle/thats-not-really-in-here-is-it-mums-concerning-change-room-discovery/news-story/474663bdfd64bcb8ef3c08c899e6e7d5

e.  Target, Potomac Yard, Virginia (January 2025): A woman discovered a hidden camera disguised as a hair scrunchie on top of a fitting room mirror. Source: www.fix5dc.com/news/woman-says-she-found-camera-potomac-yard-target-dressing-room

f.  Hollister and Urban Outfitters, King of Prussia, Pennsylvania (July 2021): A hidden "pen camera" was discovered in fitting rooms, recording women and minors. Source: 6abc.com/post/king-of-prussia-hidden-camera-kop-mall-pen/10906282

g.  H&M and Forever 21, Laredo, Texas (September 2024): a suspect filmed women under fitting room curtains in H&M, later tied to similar conduct at Forever 21. Souce: www.lmtonline.com/local/article/laredo-pd-man-recorded-woman-h-m-dressing-room-20232254.php

h.  Forever 21, Clackamas County, Oregon (February 2025): A man used a bag with a hidden camera to secretly film a woman in a fitting room. Source: www.kptv.com/2025/02/27/man-secretly-records-woman-forever-21-dressing-room-clackamas-county-sheriff-says

i.  Walmart Supercenter, Easton, Pennsylvania (March 2008): A surveillance camera was installed in a unisex bathroom in the Tire &

Lube Center. Employees sued after discovering the recording device. Source: www.wired.com/2009/12/walmart-sued

j.  Walmart, Danville, Virginia (September 2022): A hidden camera was discovered in a family bathroom, alarming parents and raising concerns over child safety. Source: west.com/news/local/hidden-camera-found-in-danville-walmart-family-bathroom-sexual-harassment-assault-child-safety-stalking

k.  Midtown Manhattan Department Store (circa 2008): The New Yorker reported loss-prevention agents monitoring suspected shoplifters through surveillance in fitting rooms, raising legal and privacy concerns. Source: www.newyorker.com/magazine/2008/09/01/stop-thief

l.  Public Pools, East London & Surrey, United Kingdom (2013-2017): A gang used hidden cameras to secretly film over 5,000 women and teens undressing in mixed gender changing rooms. Source: www.thesun.co.uk/news/27528764/creeps-hid-moxed-gender-changing-rooms-film-women

m.  Uniqlo, Toyko, Japan (October 2024): A store manager was arrested for secretly filming women and minors through gaps in fitting room partitions. Source:

www.japantimes.co.jp/news/2024/11/01/japan/crime-legal/uniqlo-manager-voyeurism

n.  Target, Bridgewater Falls Shopping Center, Ohio (March 2021): A woman reported being filmed through a hole in the stall wall of a Target bathroom. Source: www.fox19.com/2021/03/30/police-searching-suspect-accused-secretly-recording-customer-target-bathroom-stall

o.  Target, Clackamas, Oregon (November 30, 2022): A Target employee was charged with invasion of privacy after allegedly filming a mother and her 4-year-old son inside the women's restroom. Source: www.fox19.com/2023/05/02/target-employee-charged-after-allegedly-recording-mom-4-year-old-store-bathroom

p.  Target, Richland Township, Pennsylvania (April 2021): A hidden camera was discovered in a family bathroom; a Target employee allegedly removed the memory card and fled. Source: www.wtae.com/article/police-target-employee-found-camera-in-restroom-at-richland-township-store/36282215

q.  Target- Orion Township, Michigan (January 2020): A man was charged with installing a hidden camera inside a Target fitting room. He faced multiple felony counts related to recording and distributing

images of unclothed persons. Source:

www.cms3.revize.com/revize/auburnhillsmi/Suspect%20Charged%20

After%20Installing%20Camera%20in%20Fitting%20Room%201-22-

20.pdf

r.  Target- Richland Township, Pennsylvania (April 2021): A hidden

camera was discovered in a Target family restroom. A store employee

allegedly attempted to cover up the incident by removing the memory

card. Source: www.wtae.com/article/police-target-employee-found-

camera-in-restroom-at-richland-township-store/36282215

s.  Target-Bridgewater Falls, Ohio (March 2021): A woman discovered

she was being filmed through a hole in a Target restroom stall wall.

Police launched an investigation after the suspect fled the scene.

Source: www.fox19/com/2021/03/30/police-searching-suspect-

accused-secretly-recording-customer-target-bathroom-stall/

t.  Walmart- Easton, Pennsylvania (March 2008): A surveillance camera

was improperly installed in a unisex bathroom at a Walmart

Supercenter's Tire & Lube Center. Employees filed suit, and Walmart

terminated staff members. Source: www.wired.com/2009/12/walmart-

sued

u. Northern Virginia Shopping Centers (December 2018): Police

reported that customers at four retail stores in the 10 days before

Christmas may have been secretly filmed in fitting rooms. Source:

www.nbcwashington.com/news/local/shoppers-may-have-been-

firmed-in-fitting-rooms-at-4-northern-virginia-shopping-centers-

police-say/4361

**ANSWER: In response to paragraph 18 of Plaintiff's Complaint, inclusive of**

**subparts (a) through (u) Defendant denies the allegations contained therein as**

**untrue and further denies any insinuation by Plaintiff that Defendant engaged**

**in wrongdoing. Defendant further avers that the Plaintiff's allegations set**

**forth in the foregoing paragraphs should be stricken as redundant,**

**immaterial, impertinent, scandalous and inflammatory pursuant to Federal**

**Rule of Civil Procedure 12(f). The foregoing allegations have no relationship**

**to the Plaintiff's claims and prejudicial to Defendant.**

19.    These incidents referenced in above (#18) were widely reported in national

and regional media, and put Defendant on notice that its fitting rooms were

vulnerable to voyeuristic crimes and that preventative measures were and likely

still are urgently required.

**ANSWER: In response to paragraph 19 of Plaintiff's Complaint, Defendant**

**denies the allegations contained therein as untrue and further denies any**

**insinuation by Plaintiff that Defendant engaged in wrongdoing. Defendant**

**further avers that the Plaintiff's allegations set forth in the foregoing**

**paragraphs should be stricken as redundant, immaterial, impertinent,**

**scandalous and inflammatory pursuant to Federal Rule of Civil Procedure**

**12(f). The foregoing allegations have no relationship to the Plaintiff's claims**

**and prejudicial to Defendant.**

20.     Despite this notice, Defendant failed to adopt reasonable security protocols

such as dedicated and properly trained attendants, improved stall design, staff

training or increased monitoring in its fitting rooms.

**ANSWER: In response to paragraph 20 of Plaintiff's Complaint, Defendant**

**denies the allegations contained therein as untrue and further denies that it**

**failed to properly train employees or that its stall designs were deficient in any**

**manner.**

### III.    CAUSES OF ACTION

21.     Defendant owed Plaintiff, a business invitee, a duty to exercise reasonable

care to protect her from unreasonable risks, including foreseeable criminal acts

(MacDonald v. PKT, Inc., 464 Mich 322 (2001); Lowrey v. LMPS & LMPJ, Inc.,

500 Mich 1 (2016)).

**ANSWER: In response to paragraph 21 of Plaintiff's Complaint, Defendant**

**denies the allegations contained there in the manner and form stated by the**

**Plaintiff as Plaintiff misapplies and misconstrues the applicable duty of care pertaining to the criminal acts of third parties as determined by the Michigan Supreme Court.**

22.     Defendant Target owed Plaintiff, and all of its customers, a duty of reasonable care in the design, installation, and maintenance of its fitting room facilities. Defendant owed Plaintiff and all customers a duty of care to provide safe and private fitting room environment, consistent with the public's reasonable expectation of privacy while changing clothes in a fitting room. This duty included compliance with widely recognized industry safety and privacy standards, such as the 2010 ADA Standards for Accessible Design and the ICC/ANSI A117.1 Accessibility Code, which expressly require that dressing and toilet rooms be constructed to provide privacy, secure latching, and sightline barriers to prevent visual intrusion. (See U.S. Department of Justice, 2010 ADA Standards for Accessible Design, §§ 213.2, 604.3, available at: www.ada.gov/2010ADAStandards_index.htm; ICC/ANSI A117.1-2017, Accessible and Usable Buildings and Facilities, §§ 803.5, 803.6, available at: www.iccsafe.org/products-and-services-i-codes/2017-i-codes/a117.1.) Industry guidance further underscores that fitting room partitions should be of sufficient height, with minimized gaps, to prevent viewing or recording over, under, or through the stalls (see Accessibility Innovations, ADA Fitting Room

Requirements, www.accessibilityinnovations.com/blogs/ada-fitting-room-requirements; see also Waterson USA, ADA Fitting Room Requirements and Door Guidelines, www.watersonusa.com/solutions/ada-fitting-room-requirements). By failing to adhere to these industry-recognized standards- choosing instead t maintain stalls with excessive overhead clearance, low partitions, and visible gaps-Defendant breached its duty of care and created an unreasonable risk of foreseeable harm to Plaintiff and similarly situated customers.

**ANSWER: In response to paragraph 22 of Plaintiff's Complaint, Defendant denies the allegations contained therein in the manner and form stated by the Plaintiff as Plaintiff misapplies and misconstrues the applicable duty of care pertaining to the criminal acts of third parties as determined by the Michigan Supreme Court. Defendant further avers that Plaintiff's reliance on the ADA Standards for Accessible Design is misplaced as Plaintiff has not alleged a claim against Defendant arising under the ADA.**

23.    Defendant's negligence was the proximate cause of Plaintiff's injuries.

**ANSWER: In response to paragraph 23 of Plaintiff's Complaint, Defendant denies the allegations contained therein as untrue.**

**COUNT II- INVASTION OF PRIVACY (Intrusion Upon Seclusion)**

24.    Plaintiff, while using the fitting room, had a reasonable expectation of privacy while undressing free from observation, surveillance or recording (Doe v.

16

Mills, 212 Mich App 73 (1995); Lewis v. LeGrow, 258 Mich App 175 (2003)).

Michigan Courts have long recognized that individuals retain a reasonable

expectation of privacy in locations such as bathrooms and fitting rooms. In Harkey

v. Abate, 131 Mich App 177, 184-85 (1983) the Court of Appeals held that

intrusion upon seclusion extends to areas where a person "reasonably expects to be

secluded from the gaze of others, including restrooms and dressing rooms."

Likewise, in People v. DeLuca, 1992 WL 221322 (Mich Ct. App. Sept. 4, 1992),

the court affirmed that surreptitious observation in a bathroom constituted a

criminal invasion of privacy. Other jurisdictions have echoed this principle. See,

e.g. Koeppel v. Speirs, 808 N.W.2d 177 (Iowa, 2011) (hidden restroom camera

constitutes actionable intrusion upon seclusion); Hernandez v. Hernandez, 47 Cal.

4th 272 (2009) (recognizing strong privacy expectations in semi-private spaces).

These cases collectively underscore that Target's failure to safeguard its fitting

rooms violated Plaintiff's legally protected right.

**ANSWER:  In response to paragraph 24 of Plaintiff's Complaint, Defendant**

**neither admits nor denies the allegations contained therein regarding**

**Plaintiff's expectation of privacy for the reason that Defendant is without**

**sufficient information or knowledge upon which to form a belief as to the**

**truth of the matters alleged and, therefore, leaves Plaintiff strictly to her**

**proofs. Defendant denies the remaining allegations in paragraph 24 of Plaintiff's Complaint as untrue.**

25.    Defendant, by failing to provide fitting room stalls that prevented intrusion, by failing to provide properly trained personnel to monitor the fitting rooms, and by ignoring known prior incidents of secret recording in fitting rooms, unlawfully intruded upon Plaintiff's seclusion and privacy.

**<u>ANSWER</u>: In response to paragraph 25 of Plaintiff's Complaint, Defendant denies the allegations therein as untrue.**

26.    This intrusion was highly offensive and caused severe damages.

**<u>ANSWER:</u>  In response to paragraph 26 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that Defendant is without sufficient information or knowledge upon which to form a belief as to the truth of the matters alleged and, therefore, leaves Plaintiff strictly to her proofs except to deny that Defendant Target Corporation unlawfully intruded upon Plaintiff's seclusion and privacy as untrue.**

**COUNT III- INVASION OF PRIVACY (Public Disclosure of Private Facts)**

27.    Michigan recognizes public disclosure of private facts as actionable. (Tobin v. Civil Service Comm'n, 416 Mich 661 (1982)).

**ANSWER:  In response to paragraph 27 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that Defendant is without sufficient information or knowledge upon which to form a belief as to the truth of the matters alleged and, therefore, leaves Plaintiff strictly to her proofs.**

28.    To the extent Defendant failed to prevent dissemination of images, such disclosure was highly offensive and not of legitimate public concern.

**ANSWER: In response to paragraph 28 of Plaintiff's Complaint, Defendant denies the allegations as untrue for the reason that Defendant did not owe a duty to Plaintiff to prevent the dissemination of material that it had no knowledge of, by a third party over which it had no control. Plaintiff misstates and misrepresents the applicable duty of care as it applies to the criminal acts of third parties.**

**COUNT IV- NEGLIGENT SUPERVISION AND TRAINING**

29.    Employers are liable for negligent supervision or training where inadequate oversight causes harm. (Hersch v. Kentfield Builders, Inc., 385 Mich 410 (1971).

**ANSWER:  In response to paragraph 29 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that Defendant is without sufficient information or knowledge upon which to form**

**a belief as to the truth of the matters alleged and, therefore, leaves Plaintiff**

**strictly to her proofs.**

30.    Defendant failed to train and supervise employees responsible for fitting

room safety, directly leading to Plaintiff's harm.

**ANSWER: In response to paragraph 30 of Plaintiff's Complaint, Defendant**

**denies the allegations contained therein as untrue.**

**COUNT V- NEGLIGENT INFLICTION OF EMOTIONAL DISTESS**

31.    Michigan recognizes negligent infliction of emotional distress where

negligence foreseeably causes serious mental distress. (Daley v. LaCroix, 384

Mich 4 (1970); Luidens v. 63rd District Court, 219 Mich App 24 (1996)).

**ANSWER: In response to paragraph 31 of Plaintiff's Complaint, Defendant**

**denies the allegations contained therein as untrue for the reason that a claim**

**for negligent infliction of emotional distress requires a plaintiff to show that**

**an injury threated or inflicted upon a third person is a serious one, of a nature**

**to cause mental disturbance to the plaintiff.**

32.    Target's negligent design, maintenance, selection, and operation of its fitting

rooms- where customers have a reasonable expectation of privacy- proximately

caused Plaintiff to suffer severe emotional distress, humiliation and trauma,

including fear that images of her unclothed body exist and may circulate

indefinitely. It is reasonably foreseeable that customers that are secretly recorded against their will unclothed may suffer severe mental distress.

**ANSWER: In response to paragraph 32, Defendant denies the allegations contained therein as untrue.**

**COUNT VI- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

33.    A claim for intentional infliction of emotional distress exists where conduct is extreme and outrageous. (Roberts v. Auto-Owners Ins. Co., 422 Mich 594 (1985); Haverbush v. Powelson, 217 Mich App 228 (1996)).

**ANSWER: In response to paragraph 33 of Plaintiff's Complaint, Defendant denies the allegations contained therein as untrue for the reason that a claim for intentional infliction of emotional distress absent factual support establishing extreme and outrageous conduct; intent or recklessness; causation and severe emotional distress. *Haverbush v Powelson,* 217 Mich App 228, 234; 551 NW2d 206 (1996).**

34.    Defendant's reckless disregard of fitting room risks was extreme and outrageous, directly causing Plaintiff severe emotional distress.

**ANSWER: In response to paragraph 34 of Plaintiff's Complaint, Defendant denies the allegations contained therein as untrue.**

**COUNT VII- VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT**

35.    Defendant engaged in deceptive trade practices by misrepresenting the safety of its fitting rooms (Forton v. Laszar, 239 Mich App 711 (2000); Smith v. Globe Life Ins. Co., 460 Mich 446 (1999); Mayhall v. A.H. Pond Co., 129 Mich App 178 (1983).

**ANSWER: In response to paragraph 35 of Plaintiff's Complaint, Defendant denies the allegations contained therein as untrue.**

36.    Target's conduct constitutes an unfair and deceptive business practice by inviting consumers to use fitting rooms while failing to disclose that the stalls are insufficient to protect their reasonable expectation of privacy. This practice misleads consumers into believing they can change clothes safety and privately, when in fact Target has ignored repeated incidents of secret recordings in its fitting rooms and bathrooms and has failed to make its fitting rooms safe and private.

**ANSWER: In response to paragraph 36 of Plaintiff's Complaint, Defendant denies the allegations contained therein as untrue.**

37.    Plaintiff was harmed due to these deceptive trade practices and believed that Defendant's fitting rooms were safe and private.

**ANSWER: In response to paragraph 37 of Plaintiff's Complaint, Defendant denies the allegations contained therein as untrue.**

**COUNT VIII- NEGLIGENCE PER SE**

38.     MCL 750.539j makes it a crime to record another in a fitting room.

**ANSWER: In response to paragraph 38 of Plaintiff's Complaint, Plaintiff states a conclusion of law to which no response is required. Defendant otherwise denies Plaintiff's insinuation that Defendant, or any of its agents or employees, violated MCL 750.539j as untrue.**

39.     Violation of a safety statute constitutes negligence per se. (Zeni v. Anderson, 397 Mich 117 (1976)).

**ANSWER: In response to paragraph 39 of Plaintiff's Complaint, Defendant denies the allegations therein as untrue for the reason that Plaintiff states the incorrect legal standard. To invoke the negligence per se doctrine, a plaintiff must do more than simply allege that a defendant violated a statutory provision. Plaintiff must also submit evidence that the statute was intended to protect against the result caused by the alleged statutory violation, that the plaintiff was within the class of individuals protected by the statute and that the violation of the statutory mandate was a proximate cause of the injury or occurrence. *Schollenberger v. Sears, Roebuck & Co.,* 925 F.Supp.1239 (E.D.Mich. May 16, 1996).**

40.     Defendant's failure to prevent this statutory violation was negligence per se.

**ANSWER**: **In response to paragraph 40 of Plaintiff's Complaint, Defendant denies the allegations contained therein as untrue.**

## COUNT IX- VICARIOUS LIABILITY

41.    Employers are vicariously liable for negligent acts of employees within the scope of employment. (Rogers v. J.B. Hunt Transport, Inc., 466 Mich 645 (2002)).

**ANSWER**: **In response to paragraph 41 of Plaintiff's Complaint, Defendant denies the allegations contained therein as untrue and for the reason that Michigan law does not recognize vicarious liability as an independent cause of action**.

42.    Defendant is vicariously liable for employees who failed to supervise and protect plaintiff. Had Defendant's employees properly supervised and protected Plaintiff, Plaintiff would not have suffered the harm that Plaintiff suffered.

**ANSWER**: **In response to paragraph 42 of Plaintiff's Complaint, Defendant denies the allegations contained there as untrue.**

## COUNT X- EXEMPLARY DAMAGES

43.    Exemplary damages compensate for humiliation, outrage, and injured feelings caused by reckless conduct (Kewin v. Mass. Mut. Life Ins. Co., 409 Mich 401 (1980)).

**ANSWER**: **In response to paragraph 43 of Plaintiff's Complaint, Plaintiff states a conclusion of law to which no response is required. Defendant further**

**avers that Michigan law does not recognize an independent cause of action for**

**exemplary damages.**

44.    Plaintiff is entitled to exemplary damages for humiliation, indignity, and mental anguish.

**ANSWER: In response to paragraph 44 of Plaintiff's Complaint, Defendant**

**denies the allegations contained therein as untrue.**

**COUNT XI- DAMAGES (Labeled Paragraph IV by Plaintiff)**

45.    As a direct and proximate result of Defendant's conduct, Plaintiff has sustained and continues to suffer:

- Severe psychological distress, humiliation, anxiety, panic attacks, and hypervigilance.

- Chronic trauma and inability to use fitting rooms without fear.

- Lost income and academic opportunities.

- Nightmares, intrusive thoughts, and lasting humiliation from knowledge that images may exist.

- Ongoing therapy costs, having attended therapy sessions regularly since the incident.

- Loss of dignity, peace of mind, and enjoyment of life.

- Fear that unclothed images of Plaintiff exist and may possibly be circulating privately and publicly on the internet.

**ANSWER: In response to paragraph 45 of Plaintiff's Complaint, Defendant denies the allegations contained therein as untrue.**

**COUNT XII- PRAYER FOR RELIEF (Labeled paragraph V by Plaintiff)**

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant for:

A: Compensatory damages in excess of $25,000 the jurisdictional minimum of this Court.

B. Plaintiff seeks exemplary damages under Michigan law to compensate for the indignity, humiliation, and mental suffering caused by Defendant's willful and reckless disregard for her privacy rights. Michigan courts permit exemplary damages where the defendant's conduct was malicious, reckless or demonstrated wanton indifference. See *Vermilya v. Dunham*, 195 Mich App 79, 83 (1992). Target's repeated disregard of known risks, despite numerous documented incidents of surreptitious recordings in its fitting rooms nationwide,, rises to the level of conscious indifference to the safety and dignity of its customers. Such damages are necessary not only to compensate Plaintiff for her profound mental anguish but also to deter Defendant from continuing to ignore the foreseeable risks associated with its inadequate fitting room design.

C. Treble damages, costs and attorney fees under the MCPA.

D. Injunctive relief requiring Target to implement enhanced fitting room safety measures;

E. Pre and post judgment interest, costs, and attorney's fees.

F. Such other relief as the Court deems just and proper.

**ANSWER TO PRAYER FOR RELIEF:**

**WHEREFORE, Defendant TARGET CORPORATION respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice, awarding Defendant its costs and attorney fees incurred in defense of this action.**

Respectfully Submitted,

GARAN LUCOW MILLER, P.C.

s/ Courtney A. Krause
COURTNEY A. KRAUSE (P70581)
Attorney for Defendant
1155 Brewery Park Blvd., Suite 200
Detroit, MI  48207
313.446.5522
ckrause@garanlucow.com

Dated:  September 30, 2025

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DANNICA ALLING,

      Plaintiff,

v

TARGET CORPORATION,

      Defendant.

Case No. 1:25-cv-01128

Hon. Hala Y. Jarbou

---

## **DEFENDANT TARGET CORPORATION'S AFFIRMATIVE DEFENSES**

1.     Defendant Target did not breach any duty owed to Plaintiff. Consistent with Michigan Supreme Court precedent, Defendant's duty is to respond to the alleged criminal acts of third parties by reasonably expediting police involvement where it is given notice of a specific situation occurring on the premises that would cause a reasonable person to recognize a risk of imminent arm to an identifiable invitee. *Bailey v. Schaaf,* 494 Mich 595, 614-615; 835 NW2d 413 (2013).

2.     Defendant Target did not owe a duty to Plaintiff to prevent criminal action by a third-party or to protect Plaintiff from an unexpected or unanticipated criminal act by a third-party.

3.     Defendant denies it breached any of its duties or obligations and denies any intentional misconduct, negligence, or any wrongdoing, but states that it was guided

by and strictly observed all of its legal duties and obligations imposed by operation of law and otherwise, and that all of the actions of its agents and/or employees were proper and lawful.

4.      Plaintiff's claims may be barred by the doctrine of estoppel and/or laches.

5.      There was negligence and/or intervening actions of others, that was the sole proximate cause of the incident at issue.

6.      Plaintiff has failed to join necessary parties to this action.

7.      Defendant denies that it had actual or constructive notice of any claimed defect and/or hazardous, unsafe, or dangerous condition. Defendant further denies that it created any allegedly dangerous condition on its premises.

8.      All or a portion of Plaintiff's claimed injuries and damages were the result of the criminal acts of others and/or circumstances or conditions beyond Defendant's control.

9.      Plaintiff fails to state a claim for negligent infliction of emotional distress, which requires a plaintiff to show that an injury threatened or inflicted upon a *third person* is a serious one, of a nature to cause mental disturbance to the plaintiff. *Taylor v. Kurapati,* 236 Mich App 315, 360; 600 NW2d 670 (1999) (emphasis added).

10.     Plaintiff cannot support a claim for intentional infliction of emotional distress absent factual support establishing extreme and outrageous conduct; intent or

recklessness; causation and severe emotional distress. *Haverbush v Powelson,* 217 Mich App 228, 234; 551 NW2d 206 (1996).

11.    There is no independent cause of action for respondeat superior or vicarious liability. *360 Constr. Co. v. Atsalis Bros. Painting Co.,* 915 F.Supp.2d 883, 894 (E.D.Mich. 2012).

12.    Mere negligence is insufficient to support an award of exemplary damages under Michigan law; a Defendant's conduct must amount to more than lack of care. *In re Flint Water cases,* 384 F.Supp.3d 802 (2019).

13.    Exemplary damages is a remedy and not an independent cause of action.

14.    In order for Plaintiff to assert a valid claim under the Michigan Consumer Protection Act, the "courts must examine the nature of the conduct complained of case by case and determine whether it relates to the entrepreneurial, commercial, or business' aspects of the defendant's profession. *Nelson v. Ho,* 222 Mich App 74, 84; 564 NW2d 482 (1997). A criminal act taking place on Defendant's premises, committed by a third party, in no way relates to defendant's conduct in is trade. Furthermore, the criminal acts of third parties do not rise to the level of misrepresentation and Plaintiff does not provide any facts indicating that defendant in any way misrepresented the safety of its premises.

15.    Plaintiff has failed to allege that Defendant obtained her private subject matter itself to support an intrusion upon seclusion/invasion of privacy claim. Plaintiff fails

to set forth fails tending to support a finding that the conduct of an unrelated third party may be attributed to the Defendant.

16.    Plaintiff's invasion of privacy claims are subject dismissal when such a claim is an intentional tort and Plaintiff's allegations are grounded in negligence.

17.    Plaintiff cannot maintain a claim for public disclosure of private facts against Defendant Target Corporation when Defendant did not acquire, or disclose, any of Plaintiff's information to the public, a necessary element for such a claim. *Doe v. Mills,* 212 Mich App 73, 80, 536 NW2d 824 (1995).

18.    Some or all of Plaintiff's claims may be barred by the applicable statute of limitations as a result of Plaintiff's failure to properly toll the statute of limitations under MCL 600.5856.

Respectfully Submitted,

GARAN LUCOW MILLER, P.C.

s/ Courtney A. Krause
COURTNEY A. KRAUSE (P70581)
Attorney for Defendant
1155 Brewery Park Blvd., Suite 200
Detroit, MI  48207
313.446.5522
ckrause@garanlucow.com

Dated:  September 30, 2025

## CERTIFICATE OF SERVICE

The undersigned states that on September 30, 2025, a copy of the above paper, all related exhibits and documents, and this certificate of service were served upon:

Logan Patmon
Attorney for Plaintiff
100 S. State #418
Chicago   IL   60603

via first class United States mail and via email at
support@connectcounsellegal.com

I declare that the statements above are true to the best of my information, knowledge and belief.

Dated: September 30, 2025                s/Courtney A. Krause_____
                                        Courtney A. Krause