UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNICA ALLING,

    Plaintiff,

v.

TARGET CORPORATION,

    Defendant.

_____/

Case No. 1:25-cv-1128

Hon. Hala Y. Jarbou

## OPINION

Plaintiff Dannica Alling brings this suit against Defendant Target Corporation based on an incident at a Target store in which another customer recorded Alling in a changing room. Alling brings a premises liability claim under Michigan law, as well as claims for deceptive trade practices under the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901 *et seq.*, invasion of privacy, negligent supervision and training, negligent infliction of emotional distress, and intentional infliction of emotional distress. Before the Court is Target's motion for judgment on the pleadings (ECF No. 9). The Court will grant the motion and dismiss the case because Michigan law does not impose liability on merchants for failing to anticipate the criminal acts of others.

### I. BACKGROUND

Alling alleges that another customer, Christian Randall, secretly recorded her while she was changing clothes in a Target fitting room on or about August 15, 2022. (Compl. ¶ 7, ECF No. 1-1.) Randall was subsequently convicted of capturing a disturbing image of an unclothed person, Mich. Comp. Laws § 750.539d. (*Id.* ¶ 8.) Alling argues that Target should have recognized that the design of its fitting rooms makes it possible for customers to look around or over the stall barriers, and should have foreseen that people would exploit this design to view or record others

who were changing. (*Id.* ¶¶ 9–13.) Alling points to various incidents in which customers at Target or other stores have been caught recording women in changing rooms. (*Id.* ¶¶ 18–19.) She alleges that Target should have adopted designs used by other stores that prevent people from seeing into adjacent stalls, including raising the height of the stalls. (*Id.* ¶¶ 12–13.) Furthermore, she alleges that the August 2022 incident has caused her significant distress and anxiety in the years since it occurred, and she seeks damages from Target for the trauma caused by the incident. (*Id.* ¶¶ 15–16.) Alling initially filed this suit in Kalamazoo County Circuit Court, and Target removed it to this Court.

## II. LEGAL STANDARD

The Court reviews motions for judgment on the pleadings under the same standard as it reviews motions to dismiss under Rule 12(b)(6). *Oakland Tactical Supply, LLC v. Howell Township*, 103 F.4th 1186, 1191 (6th Cir. 2024). "[A]ll well-pleaded material allegations of the pleadings . . . must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* at 1191–92 (quoting *Warrior Sports, Inc. v. NCAA*, 623 F.3d 281, 284 (6th Cir. 2010)). Thus, "[a] motion brought pursuant to Rule 12(c) is appropriately granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Brown v. Louisville-Jefferson Cnty. Metro Gov't*, 135 F.4th 1022, 1030 (6th Cir. 2025) (alteration in original) (quotation marks omitted). "The court may consider documents attached to the pleadings, documents that are referred to in the pleadings and are integral to the claims, and matters of public record without converting a motion for judgment on the pleadings to a motion for summary judgment." *Id.* (cleaned up).

## III. ANALYSIS

The Court's jurisdiction to hear this case derives from diversity of the parties. *See* 28 U.S.C. § 1332. "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive

law." *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996). Thus, this Court is bound to follow "the controlling decisions of the state supreme court." *Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc.*, 249 F.3d 450, 454 (6th Cir. 2001). "[W]here [state] appellate courts have spoken in the Supreme Court's absence, [federal courts] will normally treat those decisions . . . as authoritative absent a *strong showing* that the [state] Supreme Court would decide the issue differently." *Auburn Sales, Inc. v. Cypros Trading & Shipping, Inc.*, 898 F.3d 710, 715 (6th Cir. 2018) (cleaned up). Because this Court sits in Michigan, it applies Michigan choice-of-law rules to determine what substantive law applies to this case. *See Miller v. State Farm Mut. Auto. Ins. Co.*, 87 F.3d 822, 824 (6th Cir. 1996). The parties do not dispute that Michigan choice-of-law rules require the application of Michigan law here, where a Michigan resident experienced harm at a Michigan store. *See Sutherland v. Kennington Truck Serv., Ltd.*, 562 N.W.2d 466, 471 (Mich. 1997) (outlining Michigan's tort choice-of-law rules).

Under Michigan premises liability law, "a merchant has no obligation generally to anticipate and prevent criminal acts against its invitees." *MacDonald v. PKT, Inc.*, 628 N.W.2d 33, 38 (Mich. 2001). This is "because, as a matter of public policy, we should not expect invitors to assume that others will disobey the law." *Id.* at 39. In *MacDonald*, the Michigan Supreme Court rejected its previous case law suggesting that past crimes committed by patrons could make it foreseeable that future customers would commit similar crimes. *See id.* ("To the extent that, in *Goodman*, we relied upon evidence of previous shootings at the bar in assessing whether a reasonable jury could find that the *Goodman* plaintiff's injury was foreseeable, we now disavow that analysis . . . ."). Instead, the Court held that "a merchant's only duty is to *respond* reasonably" if there is "a risk of imminent and foreseeable harm to an identifiable invitee." *Id.* In other words, a merchant does not need to anticipate that customers will commit crimes, but it must act once it

3

becomes clear that a crime is about to occur. And "as a matter of law, fulfilling the duty to respond requires only that a merchant make reasonable efforts to contact the police." *Id.*

*MacDonald* forecloses Alling's premises liability claim because Target had no legal duty to expect that its customers would criminally record others in changing rooms. This is true regardless of the similar incidents that have occurred at other stores. Target's only duty was to contact the police once it became aware of Randall's criminal acts, and there is no allegation here that Target violated that duty. Alling does argue that "Target failed to take any action to prevent the dissemination of private images once Randall was provided the opportunity to capture them" (Pl.'s Resp. Br., ECF No. 17, PageID.137), but she provides no explanation of what Target could or should have done to prevent Randall from disseminating the images.

Alling attempts to distinguish *MacDonald* on the basis that it, unlike this case, involved "a sudden, eruptive act of violence." (*Id.*, PageID.131.) Alling thus argues that *MacDonald* supports a finding of liability here because it "explicitly limit[s] the no-duty rule to sudden violent assaults and reaffirm[s] liability where the harm arises from conditions created by the defendant." (*Id.*) To the contrary, nothing in *MacDonald* limits its no-duty rule to unexpected violent acts. In fact, *MacDonald* says the opposite: "A merchant should not be expected to anticipate *any* type of criminal activity, whether 'random' or otherwise, *before* there is some specific activity on the premises creating a foreseeable risk of imminent harm to an identifiable invitee." 628 N.W.2d at 343. And while merchants may be liable for conditions that they create, *MacDonald* entails that the crimes of third parties do not qualify as conditions created by a merchant.

Alling also argues that *MacDonald* "reaffirm[s] that foreseeability is ordinarily a jury question." (Pl.'s Resp. Br., ECF No. 17, PageID.131.) True, but *MacDonald* indicates that cases like this one should *not* go to the jury because where "overriding public policy concerns exist . . .

4

the question of reasonable care is one that [the court] will determine as a matter of law." 628 N.W.2d at 39. Alling additionally contends that *Chen v. Hillsdale College*, 150 F.4th 735 (6th Cir. 2025), supports the principle that a foreseeable crime can create liability for an institution. But there the Sixth Circuit merely reiterated *MacDonald*'s holding that an "*imminent* and foreseeable" attack can create liability. *Id.* at 742 (emphasis added) (quoting *Graves v. Warner Bros.*, 656 N.W.2d 195, 202 (Mich. Ct. App. 2002)). Here, Alling does not allege that Target had reason to foresee a specific, imminent crime that Randall was about to commit.

Alling cites *McClung v. Wal-Mart Stores, Inc.*, 270 F.3d 1007 (6th Cir. 2001), for the proposition that a merchant must protect its customers from reasonably foreseeable crimes, even before any crime becomes imminent. But *McClung* applied Tennessee law, and thus has no bearing on whether Michigan law imposes such a duty. *See id.* at 1011 ("The question [of whether the defendant owed a duty of care] is governed by Tennessee state law."). Alling also cites *Z-Gem Co. v. Dollar Rent-A-Car*, 406 F. Supp. 2d 867 (W.D. Tenn. 2005), another case applying Tennessee law, *Hernandez-Butler v. Ikea U.S. East, LLC*, 435 F. Supp. 3d 816 (S.D. Ohio 2020), a case applying Ohio law, and *Doe v. AE Outfitters Retail Co.*, No. WDQ-14-508, 2015 WL 9255325 (D. Md. Dec. 17, 2015), a case applying Pennsylvania law. Even if these cases are taken as expressing general principles of tort law, general principles cannot override the state-specific rules expressed by the Michigan Supreme Court. Along the same lines, Alling also argues that the Restatement suggests that merchants can be liable for the crimes of third parties. *See* Restatement (Second) of Torts § 344. But the Restatement is not a binding source of legal authority, and it provides no basis for this Court to deviate from the explicit rule set out by the Michigan Supreme Court.

In short, Alling fails to state a claim for premises liability (Count I).  Alling also fails to state a claim for negligence (Counts I and VIII), invasion of privacy (Counts II and III), negligent infliction of emotional distress (Count V), and intentional infliction of emotional distress (Count VI), because each of these counts attempts to impose liability on Target for failing to anticipate a patron's criminal acts.  Although Alling does not characterize these counts as premises liability claims, her characterization is not binding on this Court, and mere labels cannot be used to evade the principles applicable to premises liability law.  *See Buhalis v. Trinity Continuing Care Servs.*, 822 N.W.2d 254, 258 (Mich. Ct. App. 2012) (negligence claim against merchant is more properly characterized as premises liability claim), *overruled in part on other grounds by Kandil-Elsayed v. F & E Oil, Inc.*, 1 N.W.3d 44 (Mich. 2023).  Alling's claim for negligent supervision and training (Count IV) also fails because insofar as Target lacked a duty to prevent customers from committing crimes, it also lacked a duty to train its employees to prevent customers from committing crimes.  And Alling cannot proceed on a respondeat superior theory (Count IX) because Target cannot be vicariously liable in the absence of a duty to Alling.  *See Krass v. Tri-Cnty. Sec., Inc.*, 593 N.W.2d 578, 584 (Mich. Ct. App. 1999) ("Simply put, therefore, if Baldini, Inc., owed no duty to Steven G. Krass as its business invitee, then neither, on a derivative basis, did Tri–County.").

Alling also brings a claim for deceptive trade practices under the Michigan Consumer Protection Act (MCPA) (Count VII), alleging that Target falsely represented that its changing rooms were safe.  The MCPA prohibits "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce." Mich. Comp. Laws § 445.903(1).  Alling argues that "Target marketed its fitting rooms as safe and private" (Pl.'s Resp. Br., PageID.141), but the complaint contains no allegations as to any such marketing.  The only pertinent allegation in the complaint is that Target "fail[ed] to disclose that the stalls are insufficient to protect [customers']

6

reasonable expectation of privacy." (Compl. ¶ 36.)  In the absence of an affirmative representation as to the safety of the fitting rooms, the MCPA's prohibition on "[f]ailing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer," could potentially apply.  Mich. Comp. Laws § 445.903(1)(s).  But a claim under that provision would fail for two reasons.

First, that provision applies solely to omissions of facts that "could not be reasonably known by the consumer."  *Id.*  Alling's only specific allegation as to the flaws in the design of Target's fitting rooms is that "[t]he stalls were built at a height that made it easy for individuals in adjacent stalls to record over or around them." (Compl. ¶ 12.)  The height of the stalls and the potential risks of people looking over them are reasonably discoverable by consumers, and thus cannot be the basis of MCPA liability.  *See Zine v. Chrysler Corp.*, 600 N.W.2d 384, 398 (Mich. Ct. App. 1999) (§ 445.903(1)(s) does not apply if "the consumer could reasonably be expected to discover the omission at issue").

Second, Alling's claim falls outside the general scope of the MCPA.  "In determining whether an action is proper under the MCPA, courts must examine the nature of the conduct complained of case by case and determine whether it relates to the entrepreneurial, commercial, or business aspect of" the defendant's activities.  *Nelson v. Ho*, 564 N.W.2d 482, 486 (Mich. Ct. App. 1997).  The Michigan Court of Appeals first expressed this limiting principle in the context of claims against medical providers based in part on concerns uniquely implicated by that profession, *see id.* at 486, but the court has subsequently applied the "entrepreneurial, commercial, or business aspect" requirement in non-medical contexts, *see Woodman v. Kera, LLC*, 760 N.W.2d 641, 658

7

(Mich. Ct. App. 2008)[1]; *Anderson v. A-1 Bar-B-Q Foods, Inc.*, No. 219532, 2001 WL 685782, at *3 (Mich. Ct. App. June 15, 2001).  Applying that requirement here, Alling fails to state a claim because Target's alleged omissions as to the safety of the fitting rooms were not sufficiently related to any economic transaction.  Target did not sell access to the fitting rooms; rather, it provided free access to the rooms in connection with its actual business, which is the sale of goods.  Target's representations as to the fitting rooms would not affect a consumer's decisions as to its sale of goods, so those representations fall outside the scope of the MCPA.

If the contrary were true—that is, if businesses were liable under the MCPA for failing to disclose risks as to the safety of their facilities—then the MCPA would swallow the entire field of premises liability.  Michigan courts have adopted limiting constructions of the MCPA in order to avoid similarly absurd results.  For instance, when a plaintiff sued an inflatable slide operator for falsely representing that the slide was safe, the Michigan Court of Appeals dismissed the MCPA claim, reasoning that "[t]he gravamen of plaintiff's claim is negligence because the allegations center on the way defendant operated the slide, not the manner by which it solicited or advertised its business."  *Woodman*, 760 N.W.2d at 658; *see also Nelson*, 564 N.W.2d at 486 (limiting scope of MCPA liability because "we do not think the MCPA was meant by the Legislature to be an alternative to its specific statutory scheme addressing medical malpractice claims").  Similarly, Alling cannot proceed under the MCPA because her claim more accurately sounds in premises liability.

---

[1] The *Woodman* panel produced a lead opinion and two concurrences, but all three agreed on the disposition of the MCPA claim.  *See* 760 N.W.2d at 658 (Bandstra, P.J., concurring); *id.* at 660 (Schuette, J., concurring).

## IV. CONCLUSION

For the reasons explained above, Alling fails to state a claim under Michigan law, and Target is entitled to judgment on the pleadings.  An order and judgment will enter in accordance with this Opinion.

Dated: January 13, 2026 /s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE